ELIZABETH GUNTRUM, as Administratrix of the Estate of FREDERICK J. GUNTRUM, Deceased, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*Guntrum* v. *Prudential Ins. Co.,* 173 App. Div. 512, affirmed.
(Argued March 20, 1918; decided April 5, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 7, 1916, affirming a judgment in favor of plaintiff entered upon a verdict in an action upon a policy of life insurance. The defense was alleged non-payment of premiums for a period exceeding four weeks prior to the death of the, insured. On the trial the plaintiff introduced in evidence a deposition of a former agent of the defendant to the effect that, while in the employ of the defendant, it was his duty to collect a weekly premium of fifteen cents on the policy issued by the defendant to the insured; that the said insured " would pay me at different times when I would see him; when I would meet him he would pay me all that he owed; " that the said insured " never had a premium receipt book — I would give him a receipt at different times; " that " whenever I met him he would pay me for his insurance premium — I would enter it in my collection book and give him receipts; " that " my payments were always turned in every week at the office and his premiums were turned into the office by me; I think I was paying them between the 18th day of September and the 25th of October, 1912; " that the insured " was always within the limit and therefore he was not in arrears and nothing to keep the insurance company from paying the claim.

My collection book will show all this." The collection book was produced by the defendant and introduced in evidence. It showed the payment on August twelfth of thirty cents; on August twenty-fifth of sixty cents; on October seventh of fifteen cents; on October fourteenth of fifteen cents and on October twenty-first of fifteen cents. The question at issue was whether the three last payments noted in the agent's collection book had been received by the company. Also whether non-entry by the agent of a note of payment in the premium receipt book belonging with the policy was fatal to plaintiff's claim or whether the requirement of such entry should be deemed waived by defendant's receipt of the premiums.

*Amasa J. Parker, Jr.*, for appellant.

*William Goldberg* and *Louis J. Rezzemini* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CHASE, COLLIN, CUDDEBACK and HOGAN, JJ. Dissenting: HISCOCK, Ch. J., McLAUGHLIN and CRANE, JJ.